

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL KEVIN BAILEY, ) | CASE NO. 3:18 CV 881 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| LYNEAL WAINWRIGHT, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

## Introduction

*Pro se* Petitioner Michael Kevin Bailey has filed a Petition seeking a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) His Petition indicates he was convicted of aggravated murder in 1975 and sentenced to a life term of imprisonment, with a mandatory sentence of 15 years. He contends a post-sentence investigation report was secretly compiled at the request of the Ohio Parole Board in 1986 to be used in assessing his parole eligibility and that the report contains substantive factual inaccuracies contrary to the evidence and testimony presented at his 1975 state trial. The basis for his Petition is that the inaccurate report has been used to justify his continued incarceration and deny him parole after the term of his mandatory sentence in violation of his constitutional rights. He seeks immediate release from the

remainder of his sentence.

## Discussion

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under §2254, a federal district court is required to examine a *habeas* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Petition must be summarily dismissed. *Habeas corpus* relief under § 2254 is available only to prisoners who are in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). It is well-established that there is "no inherent constitutional right to parole" and that "Ohio inmates have no state-created liberty interest in parole." *Allen v. Stepp*, 27 F. App'x 521, 523 (6th Cir. Nov. 30, 2001). *See also Wright v. Trammell*, 810 F.2d 589, 590 (6th Cir. 1987) (citing *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 11 (1979)) (due process not required in connection with a parole board determination and the expectancy of release upon parole is not a constitutionally protected interest). Therefore, the Petition on its face fails to raise any federal constitutional claim that might warrant *habeas corpus* relief. *See Walton v. Michigan*, 115 F. App'x 786, 787 (6th Cir. Sept. 23, 2004).

## Conclusion

Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED.

/s/ Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE